FILED'09 DEC 01 16:02USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAN HUTCHINSON,                            Civil No. 08-997-CL

      Plaintiff,                               REPORT AND RECOMMENDATION

      v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

      Defendant.


CLARKE, Magistrate Judge.

Plaintiff Dan Hutchinson brings this action pursuant to section 205(g) of the Social Security Act, as amended (Act), 42 U.S.C. §§ 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for disability insurance benefits and supplemental security income benefits. Defendant moves for remand for further proceedings which plaintiff opposes. For the reasons explained, defendant's motion should be granted in part; the decision of the Commissioner should be reversed and the matter remanded for payment of benefits.

//

//

## BACKGROUND

Plaintiff applied for benefits alleging disability beginning July 17, 2003. His applications were denied. Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on October 23, 2006. Plaintiff, represented by counsel, appeared and testified as did a vocational expert. On November 6, 2006, the ALJ rendered a partially favorable decision, finding plaintiff disabled as of October 23, 2006. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Sims v. Apfel, 530 U.S. 103, 106-07 (2000) (and authorities cited).

At the time of plaintiff's alleged onset date of July 17, 2003, plaintiff was fifty years old and, at the time of the hearing and the ALJ's decision, plaintiff was fifty-four years old. Plaintiff went to school until his second or third year of high school, attending special education classes in reading in high school. Plaintiff has past relevant work experience as a gravedigger, janitorial worker, warehouse worker, choke setter, and gas station attendant. Plaintiff alleges disability based upon sacral torsion injury and degenerative disc disease of his lumbar spine, learning disabilities resulting in illiteracy, and depression and anxiety.

## STANDARDS

This Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). The Court considers the record as a whole, and

weighs "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence, Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

3 - REPORT AND RECOMMENDATION

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). In the present case, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 17, 2003. (Tr. 25.)

In step two, the Commissioner determines whether the claimant has "a medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). In the instant case, the ALJ found that plaintiff's learning disorder, depression, anxiety, lumbar back disorder, and carpel tunnel syndrome constitute severe impairments. (Tr. 25-26.) Accordingly, the inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. In this case, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (Tr. 26-27.)

In step four, the Commissioner determines whether the claimant can still perform his "past relevant work." If the claimant is so able, then the Commissioner finds the claimant "not

4 - REPORT AND RECOMMENDATION

disabled." Otherwise, the inquiry advances to step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). The Commissioner must first identify the claimant's residual functional capacity (RFC), which should reflect the individual's maximum remaining ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Ruling (SSR) 96-8p. The RFC is based on all relevant evidence in the case record, including the treating physician's medical opinions about what an individual can still do despite impairments. Id. In this case, the ALJ found that plaintiff retains an RFC to perform light work, and:

> is limited to lifting 20 pounds occasionally lifting 10 pounds frequently; sitting/ standing/ walking for 6 hours in an 8-hour workday; frequent balancing; occasional climbing, stooping, kneeling, crouching and crawling; and unlimited pushing/pulling [and] is limited to simple tasks.

(Tr. 27-29.) The ALJ found that plaintiff was unable to perform any past relevant work. (Tr. 29.)

In step five, the burden is on the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). If the Commissioner fails to meet this burden, then the claimant is deemed disabled. Here, the ALJ found that, prior to October 23, 2006, considering plaintiff's age, education, work experience, and RFC, there were a significant number of jobs in the national economy he could have performed (Tr. 30); and, beginning on October 23, 2006, considering plaintiff's age, education, work experience, and RFC, there are not a significant number of jobs in the national economy that plaintiff could perform (Tr. 31). Therefore, the ALJ found that plaintiff was not disabled prior to October 23, 2006, but became disabled on that date. (Tr. 23, 31.)

5 - REPORT AND RECOMMENDATION

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed because it is not supported by substantial evidence and contains errors of law. Plaintiff contends, in part, that the ALJ erred in his application of the Medical-Vocational Guidelines; he contends that, based on his age, the ALJ's findings that plaintiff is limited to light work and that he is illiterate and has no transferrable skills, and applying Ninth Circuit law, he is disabled under Medical-Vocational Guidelines Rule 202.09. In <u>Silveira v. Apfel</u>, 204 F.3d 1257, 1260-61 (9th Cir. 2000), the Ninth Circuit held that, "in applying the grid rules the Commissioner must treat a skilled or semi-skilled work history with no transferable skills as equivalent to an unskilled work history." <u>See</u> SSR 82.41. Rule 202.09 of the Medical-Vocational Guidelines applies to individuals limited to light work who are "closely approaching advanced age"--age 50-54, 20 C.F.R. §§ 404.1563(d), 416.963(d)–and are "Illiterate or unable to communicate in English," with previous work experience of "Unskilled or none." 20 C.F.R. Pt. 404, Subpt. 4, App. 2. Under Rule 202.09, a person meeting these factors warrants a finding of disabled. <u>See</u> <u>Silveira</u>, 204 F.3d at 1261.

The Commissioner agrees that "Plaintiff would be found disabled as of age 50 by application of Grid rule 202.09 based on his illiteracy and on his skilled or semi-skilled work history with a lack of transferable skills being legally equivalent to an unskilled work history." (Defs. Mem. at 6.) However, defendant goes on to argue that, upon further examination of the evidence, it is unclear if plaintiff is illiterate and, therefore, the matter should be remanded so that the ALJ can evaluate the evidence to determine if there is substantial evidence to support his finding of illiterate.

The court declines to remand so that the ALJ may have a second opportunity to assess plaintiff's literacy. The ALJ specifically found that "The claimant is illiterate but is able to communicate in English." (Tr. 29.) Rule 202.09 requires that the individual be "Illiterate <u>or</u> unable to communicate in English." (Emphasis added.) <u>See</u> <u>Silveira</u>, 204 F.3d at 1261-62 & n. 13 ("[A claimant] is 'illiterate or unable to communicate in English' if he is either illiterate in English or unable to communicate in English or both.") (citing <u>Chavez v. Dept. of Health & Human Servs.</u>, 103 F.3d 849, 852 (9th Cir. 1996)). The ALJ's finding that plaintiff is illiterate is supported by substantial evidence in the record. There is no need to develop the record further on this issue.[1] Because the record is fully developed, this matter should be remanded for payment of benefits.

## RECOMMENDATION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), it is recommended that defendant's motion to remand be granted in part; the decision of the Commissioner should be reversed and this matter remanded for payment of benefits.

*<u>This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals</u>*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *<u>Objections to this Report and Recommendation, if any, are due by December 21, 2009. If objections are filed, any responses to the objections are due within 10 days,</u>* see *Federal Rules of Civil Procedure 72 and 6*. Failure to timely file objections to any factual determinations of the

---

[1] Because of the court's resolution of this issue, it is unnecessary to address plaintiff's other contentions.

7 - REPORT AND RECOMMENDATION

Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___1___ day of December, 2009.

_____
MARK D. CLARKE
United States Magistrate Judge

8 - REPORT AND RECOMMENDATION